RAWLS, Judge.
Appellant-defendant Harris appeals from a jury verdict and judgment of guilty of murder in the first degree and a life sentence.
Appellant asserts as his sole point on appeal that the trial court erred in striking all of his testimony as irrelevant.
Harris pleaded not guilty to the indictment of first degree murder of Fannie Mae Anderson and moved for a bifurcated trial, which motion was denied. The evidence presented by the State conclusively showed that Harris, before witnesses, took a knife from the kitchen and went into the living room where he stabbed Fannie Mae Anderson in the neck while she was sleeping on the sofa. Fannie died. After receiving extensive warnings as to his constitutional rights, Harris confessed. A review of this record discloses that there is no question as to appellant’s guilt.
Appellant’s complaint concerns the striking of his testimony by the trial judge. After the State concluded its case, on direct examination Harris testified as to events transpiring prior to the time he and Fannie returned home on the night of the murder. These events pertained to matters unrelated to the crime. Appellant did not testify in any respect with reference to the commission of the crime. When on cross-examination appellant was asked how he procured the knife, the defense counsel objected. After some conferences at the bar, the court finally instructed the jury as follows:
“Members of the jury, you may recall when the Assistant State Attorney inquired with reference to the particular offense, it was objected to on the ground that it was not within the scope of cross examination. In other words, that there had been no direct examination relating to the offense. The Court will take the position that unless the testimony relates to the offense, it’s wholly immaterial and should be stricken. For that reason, the witness having testified to nothing relating to this particular offense with which he is charged, his testimony will be stricken and you are directed to disregard his testimony in arriving at your verdict.”
We agree with the court’s instruction and the State’s position that in restricting the defendant’s direct testimony to matters not connected up with the offense charged, such matters were immaterial. If it had been appellant’s purpose to lay a foundation by testifying as to these incidents and connecting same to the offense charged, then it might well have been error for the trial court to strike such testimony. We further conclude in light of the jury’s recommendation for mercy that even terming the action of the trial court as error, such was harmless error in view of the uncontradicted evidence of a number of eyewitnesses and the confession of appellant which reflected that he knowingly and cold-bloodedly murdered the decedent.
The judgment appealed is affirmed.
JOHNSON, C. J., and SPECTOR, J., concur.